Dear Mr. Proffer:
This letter is in response to your question asking:
 Will an appointed nonlawyer municipal judge be barred from holding such office in a city which is certified to have a population of more than 7,500 by the 1980 United States Census if this person had not served as municipal judge for that municipality for at least three years prior to January 2, 1979?
You also state:
 The city of Jackson, Missouri, had a population of 5,896 by the 1970 census. A nonlawyer was appointed municipal judge of that city, and this appointee completed the course of instruction required by the provisions of § 479.020, RSMo. He had not served as judge for the city of Jackson for at least three years prior to January 2, 1979.
 It now appears that Jackson will have a population of more than 7,500 by the 1980 census.
It is also our understanding that the municipal judge was appointed to serve the unexpired portion of the term of the previous police judge, who resigned such term ending April 30, 1981. We assume he has met all the eligibility requirements of § 479.020, RSMo.
Subsection 3 of § 479.020, RSMo, which was part of the court revision bill, provides:
 No person shall serve as a municipal judge of any municipality with a population of seven thousand five hundred or more or of any municipality in a county of the first class with a charter form of government unless he be licensed to practice law in this state unless, prior to January 2, 1979, he has served as municipal judge of that same municipality for at least three years.
This provision became effective January 2, 1979, and we have no precise precedent to guide us. The official census will become effective July 1, 1981, for the purposes of determining the population of the city under subsection 3 of § 479.020. Section 1.100, RSMo. As we have noted, the term of this judge will expire April 30, 1981, before the census becomes effective. It is arguable that the judge could be appointed for the succeeding two year term before the population change becomes effective and be allowed to serve out his term despite such change because the courts are reluctant to interfere with the term of an officer who was eligible when appointed. However, in this instance it will be obvious by the time any such appointment is made that the judge would be ineligible for appointment after July 1, 1981, if there is such a change in population because the three year service requirement under § 479.020 applies only to service before January 2, 1979.
In these premises, we are doubtful that the judge should be considered eligible for appointment prior to July 1, 1981, for a two year term. Since subsection 1 of § 479.020 requires that municipal judges be selected for a term of not less than two years, as provided by ordinance, we do not believe that the judge is eligible for reappointment.
Very truly yours,
 JOHN ASHCROFT Attorney General